UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-33-01-JD |
| | ) | |
| DANIEL E. MUSSO, Sr. | ) | |

GOVERNMENT'S OBJECTION TO
DEFENDANT'S MOTION FOR RELEASE

The United States of America, by Scott W. Murray, United States Attorney, and his assistants John S. Davis and Matthew T. Hunter, hereby objects to the defendant's Motion for Release, filed April 3, 2018 (Dkt. 85), because there is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the defendant is released. *See* 18 U.S.C. § 3142(f). In support of its objection, the government states as follows:

1. The defendant, Daniel Musso ("Musso"), was arrested on January 27, 2016, after he purchased four military hand grenades from an FBI undercover agent. He has been detained ever since. On March 9, 2018, this Court dismissed four of the five counts in the superseding indictment, ruling that FBI's installation of inert fuzes in the grenades as part of its undercover operation took the devices out of the definition of "destructive device" in 26 U.S.C. § 5845(f). The government filed a timely notice of appeal of the dismissal order, and Musso's trial is now delayed (likely for the better part of one year) pending appeal to the First Circuit.

2. On April 3, 2018, Musso moved for pretrial release. In his motion, Musso alleges that weight of the evidence does not warrant continued detention, particularly after dismissal of four of the five charges against him; that Musso has deep ties to New Hampshire and is not a flight risk; that nothing in his history suggests that he is a danger to the community; and that "the

nature and seriousness of the danger that Mr. Musso poses to members of the community is miniscule to non-existent." (Dkt. 85 at 5.)

3. The government objects to release, on the grounds argued and the facts determined at the February 2016 detention hearing, and because there has been no material change in the relevant circumstances since this Court ordered detention two years ago. The factors to be considered "in determining whether there are any conditions of release that will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community . . . [are]: (1) the nature and circumstances of the offense charged, including whether the offense . . . involves [an] . . . explosive, or destructive device; (2) the weight of the evidence against the [defendant]; (3) the history and characteristics of the [defendant] . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g). Following a hearing on February 1, 2016, the magistrate judge ordered that Musso be detained. The magistrate judge noted that there was information "about engagements with the police and lack of cooperation and concerns regarding interactions with the state inspector," leading to "concerns the Court might have with regard to [Musso's] willingness to cooperate with the probation officer visits and supervision and the safety of our probation officers and supervision." (Dkt. 9 at 39.) The magistrate judge concluded that "the government has met its burden of proving that [Musso's] release, even on strict conditions, presents too serious a risk of danger." (Dkt. 8 at 3.)

4. After Musso moved to revoke the detention order, this Court denied the motion, concluding that "[Musso's] attitude toward authority as demonstrated by [his history of assault

and resisting arrest] raises very serious concerns for the safety of probation officers who would be supervising him." (Dkt. 23 at 6.)[1]

5. Although Musso has apparently performed well as a detainee, the government has the same concerns today that it had two years ago about the "danger to the community," and particularly to local, state, or federal government officials, that Musso presents. Because the evidence is "clear and convincing" that there are "no conditions of release that will reasonably assure the safety of any other person and the community," (Dkt. 23 at 6), this Court should deny Musso's motion.

6. In the alternative, if the Court is inclined to release Musso on conditions pending trial, the government would recommend, at a minimum, that the following conditions of release be imposed:

- Submit to a comprehensive "sweep" of residential premises by the U.S. Probation Office;

- 24/7 electronic monitoring and, if possible, GPS monitoring;

- Travel restricted to New Hampshire;

- Comply with a specified curfew;

---

[1]Perhaps the most disturbing evidence of Musso's capacity for violence towards law enforcement authorities can be found on a video recording, which has been provided in discovery, of Musso's meeting with an undercover FBI agent on January 22, 2016. In that recording, Musso can be heard (in an off-camera conversation with employees at a gun store) boasting and laughing about a "fist fight" he had previously had with a State Police Trooper who came to Musso's property and "wanted all my guns." As Musso recounted the story, after Musso initially resisted, the Trooper ordered Musso to get in his police car so that they could discuss the gun recovery. Musso responded by accusing the Trooper of being a "faggot," which resulted in the "pissed off" Trooper's removing his gun and badge. Musso bragged that in the ensuing fight he "beat the fucking shit out of [the Trooper]," "I just killed him," "I'm rubbing his face in the concrete." Musso also noted that "I had so much adrenaline" at the time, because of his ongoing divorce.

- Refrain from any use of alcohol, and submit to random alcohol testing as required;

- Refrain from possessing a firearm or other dangerous weapon, from receiving or visiting any person carrying or displaying a firearm, and from proximity or access to firearms possessed by other persons;

- Avoid contact with potential witnesses in the case, and with the premises of Charlie Company in Chichester, New Hampshire;

- Agree to forfeit, upon violating any release condition, Musso's real property in Brentwood, New Hampshire, after providing the Court with proof of ownership and the value of the property along with information regarding existing encumbrances as the Court may require;[2] and

- File monthly financial reports to the U.S. Probation Office.

                                      Respectfully submitted,

                                      SCOTT W. MURRAY
                                      United States Attorney

Dated: April 16, 2018         By: /s/ John S. Davis
                                      Assistant United States Attorney
                                      New Hampshire Bar No. 592
                                      Matthew T. Hunter
                                      Massachusetts Bar No. 682921
                                      Special Assistant U.S. Attorney
                                      53 Pleasant Street, 4th Floor
                                      Concord, New Hampshire 03301
                                      (603) 225-1552
                                      John.Davis8@usdoj.gov
                                      Matthew.Hunter@usdoj.gov

---

[2] Musso has previously offered to post a property bond to help secure his release. At the detention hearing on February 1, 2016, Musso's attorney noted that Musso "does have property that he owns outright and he has property that he has a large equity stake in," so "a property bond in a certain amount would be reasonable and it would certainly . . . address any concerns about flight risk and danger, knowing that he could forfeit that property." (Dkt. 9 at 27.)

## **CERTIFICATION**

     I hereby certify that a copy of the United States' Objection to the Defendant's Motion for Release has been served via ECF on Penny Dean, Esq., counsel for the defendant, on April 16, 2018.

                                                /s/ John S. Davis
                                                John S. Davis
                                                Assistant United States Attorney