UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>United States</u>

   v.                                    Criminal No. 16-cr-033-JD

<u>Daniel E. Musso, Sr.</u>


<u>MEMORANDM OF DECISION ISSUED AT HEARING
HELD ON APRIL 17, 2018</u>

    The defendant is currently being held without bail on a superseding indictment charging him with four counts of receiving an unregistered firearm (counts one through four) and one count of receiving explosive materials (count five).  By order dated March 9, 2018, (doc. no. 77) the court dismissed counts one through four.  On March 23, 2018, the government filed a notice of appeal, and on the same date this court stayed the case pending a resolution of the appeal.  (Doc. no. 81).

    On April 3, 2018, the defendant filed a motion for bail (doc. no. 85) pending appeal and trial.  Previous orders concerning bail that have been issued in this case are incorporated herein by reference.

    A detention hearing ". . . may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that

was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that would reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 42(f)(2)(B). A hearing on the defendant's motion was held on April 17, 2018.

The defendant has been held in pretrial detention since January 27, 2016 (27 months). The court requested the Probation Department to determine what the potential projected Guideline calculations would be for this case under several differing circumstances. If the defendant were convicted of all counts following trial, the projected range would be 41-51 months, or 30 to 37 months in the event of a plea. If the defendant was tried and convicted of only count five, the projected range would be 15-21 months, or 10-16 months in the event of a plea. The appeal could take anywhere from six months to a year to complete. Considering these estimates, and they are only estimates, by the time the case is ultimately disposed of in the trial court, depending on the conviction or convictions, the defendant would have served more than any sentence than might be imposed or a substantial part of any sentence that might be imposed. While this is certainly not a factor that is entitled to great weight, it is a factor which the court can consider

along with other factors in addressing the defendant's request for bail.

The court also requested the Probation Department to report on the defendant's conduct while incarcerated. The defendant has not been subject to any disciplinary actions. Assistant Superintendent Jake Collins of the Strafford County House of Corrections reports in a letter dated January 5, 2018, that the defendant voluntarily entered the Men's Therapeutic Community Program on January 30, 2017, and completed the program on April 30, 2017. In this program, he was subject to intensive drug and alcohol treatment which included daily drug and alcohol counseling and cognitive behavioral change programming. Participants in the program are held to very restrictive standards for behavior and cleanliness. The defendant's program counselor reported that his progress was excellent. The defendant had a positive attitude and contributed to group discussions.

The defendant also attended individual counseling sessions and completed sessions in anger management, parenting, and career counseling while in the program. Defendant's counsel presented certificates of completion for the anger management and drug and alcohol treatment programs.

The defendant has also been working in the jail library for several months, and Mr. Collins reports that he has done an exemplary job. He has been of good behavior, polite, respectful, and courteous to staff as well as prisoners. He has helped assemble educational materials for teachers and staff.

The defendant and the government agree that the defendant has strong ties to the community and poses a low risk of flight or nonappearance. Therefore, the issue to be addressed is the safety of any other person and the community if the defendant is to be released.

Under 18 U.S.C. § 3142(g), the court has considered the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community, all as addressed in prior bail orders and which will not be repeated here. The court notes that there are several material changes in circumstances relating to the charges and the history and characteristics of the defendant. Counts one through four have been dismissed, although that dismissal is currently on appeal, and there is new information concerning the defendant's conduct during the prior 27 months that he has been detained.

It is significant that the defendant voluntarily enrolled himself in and completed the drug and alcohol program and

completed a class in anger management.  His prior involvement with law enforcement undoubtedly was due in part to substance abuse and anger management issues.  He has demonstrated an ability to perform well within the requirements of the jail setting and has demonstrated a positive attitude in taking advantage of programs that can benefit him.  He has also demonstrated responsibility in performing his job in the jail library and has been working well with others.  The conduct of the defendant along with the programs he has completed while incarcerated partially mitigate concerns that his release will endanger the safety of the community.  Any remaining concerns can be addressed with appropriate bail conditions.

   His family has a home in Lincoln, New Hampshire, where he can live, and he will be able to return to his work at Musso's Mill Yard.

   There is a significant material change in circumstances to justify a review of the defendant's bail status.  Taking into account all of the factors that have previously been considered along with the new information set forth above, the court at this time cannot find by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community.  Instead, the court finds that a combination of conditions will reasonably assure such safety.

The conditions are those set forth at length during the hearing and recorded on the bail form.

    SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

April 18, 2018

cc: John S. Davis, Esq.
    Penny Sue Dean, Esq.
    Matthew Hunter, Esq.
    Mark L. Sisti, Esq.
    Mark S. Zuckerman, Esq.
    U.S. Probation
    U.S. Marshal