UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

United States of America

    v.                                       Criminal No. 16-cr-33-01-JL

Daniel E. Musso

## **JURY INSTRUCTIONS**

## INTRODUCTION

At this stage of the trial it is the duty of the court to instruct you on the principles of law that you will apply in deciding this case. It is your duty to follow these instructions during your deliberations. You should not single out any one instruction but instead apply these instructions as a whole to the evidence in this case.

The fact that the prosecution is brought in the name of United States of America entitles the United States Attorney to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

## JURY IS SOLE JUDGE OF FACT

As jurors, you are the sole and exclusive judges of the facts. You must weigh the evidence that has been presented impartially, without bias, without prejudice, without sympathy. You must make a determination as to what the facts are, what the truth is, based upon the evidence presented in the case. You will decide the case by applying the law as it is given to you in these instructions to the facts as you find them to be from the evidence.

2

## CREDIBILITY OF WITNESSES

Your duty as a jury is to determine what the facts are, what the truth is.  In doing that, it will be necessary for you to assess the credibility of each witness and determine what weight you will give to each witness's testimony.  By credibility we mean the believability or the truthfulness of a witness.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief or not worthy of belief.  For example:

- Consider each witness's intelligence, motive, state of mind, and demeanor and manner while testifying;

- Consider each witness's ability to observe or to know the matters about which that witness has testified and whether the witness impresses you as having an accurate recollection of those matters;

- Consider whether the witness had any reason for telling the truth or not telling the truth, whether the witness had an interest in the outcome of the case, or whether the witness had any friendship, relationship, or animosity toward other individuals involved in the case;

- Consider the extent, if any, to which the testimony of each witness was consistent or inconsistent with itself or with the testimony of other witnesses; and

- Consider the extent, if any, to which the testimony of each witness was either supported or contradicted by other evidence in the case.

The testimony of a witness may be discredited or, as we sometimes say, "impeached," by showing that the witness previously made statements which are different from, or inconsistent with, his or her testimony here in court.  Inconsistent or contradictory statements which are made

3

by a witness outside of court may be considered only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier out of court statements.

You must decide what weight, if any, should be given the testimony of a witness who has made prior inconsistent or contradictory statements. In making this determination you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

In assessing the credibility of each witness, both under direct and cross-examination, you will assign each witness's testimony whatever weight as you deem proper. You are not required to believe the testimony of any witness simply because that witness was under oath. You may believe or disbelieve all or part of the testimony of any witness. It is within your province to determine what testimony is worthy of belief and what testimony may not be worthy of belief.

## LAW ENFORCEMENT AGENTS

During the course of trial, you also heard law enforcement agents testify. You should consider the testimony of law enforcement agents in the same manner as you would consider the testimony of any other witness in the case. In evaluating the credibility of a law enforcement agent, you should use the same tests which you would apply to the testimony of any other witness. In no event should you give the testimony of a law enforcement agent any more credibility or any less credibility simply because of that witness's position.

## QUESTIONING BY THE JUDGE

During the trial, I asked questions of one or more of the witnesses who testified.  You should not infer anything whatsoever from any questions that I asked any of the witnesses in this case.  Do not assume that I hold any opinion regarding any part of this case.  You are the sole judges of the facts in this case.

## WEIGHT OF THE EVIDENCE

The weight of the evidence is not necessarily determined by the number of witnesses testifying on one or the other side of an issue.  You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of belief.  You may find that the testimony of a small number of witnesses on a particular issue is more credible than the testimony of a greater number of witnesses on the other side of that issue.

In reviewing the evidence, you should consider the quality of the evidence and not the quantity.  It is not the number of witnesses or the quantity of testimony that is important, but the quality of the evidence that has been produced that is important.  You will consider all of the evidence, no matter which side produced or elicited it, because there are no property rights in witnesses or in the evidence that is presented.

## WHAT IS EVIDENCE

The evidence in this case consists of the sworn testimony of the witnesses, all of the exhibits received in evidence, and any stipulations the parties have entered.  You will consider all of the evidence no matter which side produced or elicited it because neither side has an exclusive right to the testimony of particular witnesses or to the evidence that is presented.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in deciding whether a defendant is guilty or not guilty.

Direct evidence is the testimony given by a witness about what that witness has seen, has heard or has observed, or what that witness knows based on personal knowledge. Direct evidence also includes any exhibits that have been marked.

Evidence may also be used to prove a fact by inference. This is referred to as circumstantial evidence. In other words, from examining direct evidence you may be able to draw certain inferences which are reasonable and justified in light of your daily experience. Such inferences constitute circumstantial evidence. Circumstantial evidence may be given the same weight by you as direct evidence.

## STIPULATIONS

You heard that the parties in this case entered into what is known as a "stipulation." The parties' stipulation is Court Exhibit 1.

A stipulation is an agreement that you may consider certain facts to have been proven even though you did not receive testimony or other evidence as to those facts. You may, but are not required to, accept the stipulation as proof of those facts.

6

## RECORDINGS AND TRANSCRIPTS

During the course of trial, you heard several recordings of conversations. That is proper evidence for you to consider. You were also given transcripts to read along as the recordings were played. As you were instructed before the recordings were played, the transcripts were provided merely to help you follow the recordings while they were played. What you read on the transcripts is not evidence; what you heard on the recordings is evidence. If you believe at any point that the transcripts said something different, or varied at all, from what you heard on the recordings, you must be guided solely by what you heard on the recordings and not by what you saw in the transcripts. If you cannot, for example, determine from the recordings that a particular word or words were spoken, or who spoke them, you must disregard the transcripts insofar as that word or words, or that speaker, is concerned.

## STATEMENT BY DEFENDANT

You have heard evidence that the defendant made statements in which the United States Attorney alleges he admitted certain facts. It is for you to decide (1) whether the defendant made any statements and (2) if so, how much weight to give them. In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which the statements may have been made and any facts or circumstances tending to corroborate or contradict the statements.

## LIMITED PURPOSE EVIDENCE

A particular item of evidence is sometimes received for a limited purpose only. You may have been instructed by the court that certain evidence was received only for a limited purpose. If so, you may use the evidence only for that limited purpose, and not for any other purpose.

7

## WHAT IS NOT EVIDENCE

Certain things are not evidence and cannot be considered by you as evidence. Arguments and statements by lawyers are not evidence. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory controls. If the law as stated by the lawyers differs from the law as stated by the court, you must take the law from the court.

You are not to be concerned with the wisdom of any rule of law as stated by the court. Regardless of any opinion that you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in this case.

Questions and objections by lawyers are not evidence, unless the witness adopts the facts set forth in the question. Lawyers have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by objections or by my ruling on objections. It is the responsibility of the court to rule on objections and the court has not intended to indicate in any way by its rulings or by what it has said what the verdict should be in this case. The court in this case, as in all cases, is completely neutral and impartial and leaves it to the jury to decide the case based on the facts as you find them to be and the law as the court will give it to you.

Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

## PRESUMPTION OF INNOCENCE

The fact that an indictment is returned against an individual is not evidence of that person's guilt. An indictment is merely a formal method of accusing an individual of a crime in order to bring that person to trial. It is you the jury who will determine whether the defendant is guilty or not guilty of the offense charged based on a consideration of all the evidence presented and the law applicable to the case. Therefore, you must not consider the indictment in this case as any evidence of the guilt of the defendant, nor should you draw any inference from the fact that an indictment has been returned against him.

The law presumes every defendant to be innocent until proven guilty beyond a reasonable doubt. The defendant, although accused, thus begins a trial with a clean slate -- with no evidence against him. The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant.

The presumption of innocence alone is sufficient to acquit a defendant unless the jury is satisfied beyond a reasonable doubt that the defendant is guilty after a careful and impartial consideration of all of the evidence in the case.

## BURDEN OF PROOF: BEYOND A REASONABLE DOUBT

The burden is always on the United States Attorney to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant. That is, the defendant does not have to prove his innocence. The law does not impose upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant enters the courtroom and is presumed to be innocent until the United States Attorney convinces you beyond a reasonable doubt that he is guilty of every essential element of the offense charged.

If the jury, after careful and impartial consideration of all of the evidence in this case, has a reasonable doubt that the defendant is guilty of the charge set forth in the indictment, it must find the defendant not guilty.

The jury must never find a defendant guilty based on mere suspicion, conjecture, or guess. Rather, the jury must decide the case on the evidence that is before you and on the reasonable inferences that can be drawn from that evidence.

## NO CONSIDERATION OF SENTENCING OR PUNISHMENT

You are not to give any consideration to potential punishments or sentences in deciding this case. The punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict. You must decide this case based on the evidence you have seen and heard and on the law as the court gives it to you, and not on any punishment you believe the defendant might receive or could receive

10

## INDICTMENT

The indictment consists of five counts. Counts 1 through 4 charge the defendant, Daniel Musso, with knowingly receiving and possessing firearms, in the form of explosive grenades, that were not registered to him in the National Firearms Registration and Transfer Record. Count 5 charges the defendant with knowingly receiving explosive materials without a license or permit. I will describe those charges in more detail in a moment.

A separate crime is charged in each count of the Indictment. The jury should consider each charge, and the evidence pertaining to it, separately. The fact that you may find the defendant guilty or not guilty as to one or some of the counts should not control your verdict as to the other counts.

The indictment charges that the offenses were committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the defendant committed the offenses on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offense was committed on precisely the date charged.

## COUNTS 1–4
## RECEIVING AND POSSESSING UNREGISTERED FIREARMS

In Counts 1 through 4 of the indictment, the defendant is charged with receiving and possessing an unregistered firearm. It is against federal law for the defendant to receive or possess certain kinds of firearms that are not registered to him in the National Firearms Registration and Transfer Record. For you to find Mr. Musso guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Musso knowingly received or possessed the firearm described in the indictment—specifically, an explosive grenade—on about the date charged in the indictment;

Second, that the firearm was of a kind that is required to be registered in the National Firearms Registration and Transfer Record. I instruct you that an explosive grenade is a firearm that must be registered;

Third, that Mr. Musso knew that the firearm was an explosive grenade; and

Fourth, that the firearm was not registered to Mr. Musso in the National Firearms Registration and Transfer Record.

I will now define some of these terms for you:

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident. The government is not required to show that Mr. Musso knowingly violated the law or knew that registration was required. It is, however, required to prove beyond a reasonable doubt that Mr. Musso knowingly possessed the grenades and knew that they were "explosive grenades."

12

The term "possess" means to exercise authority, dominion or control over something. It is not necessarily the same as legal ownership. Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his or her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

With respect to the fourth element, the parties have stipulated that there are no and never have been any grenades registered to Mr. Musso in the National Firearms Registration and Transfer Record. You may, but are not required to, accept this stipulation as proof of that element.

## COUNT 5
## RECEIVING EXPLOSIVE MATERIALS

Count 5 of the indictment charges the defendant, Daniel Musso, with receiving explosive materials without a license or permit.  It is against federal law for the defendant to knowingly receive certain kinds of explosive materials unless he has a federal license or permit.  For you to find Mr. Musso guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

First, that Mr. Musso knowingly received explosive materials—specifically, Composition B—on or about the date charged; and

Second, that Mr. Musso did not have a license or permit issued by the Attorney General permitting him to receive explosive materials.

The word "knowingly," as I have already instructed you, means that the act was done voluntarily and intentionally, not because of mistake or accident.  With respect to this count, the government is not required to prove that Mr. Musso knew he was violating the law, or that he knew he did not have the requisite license or permit, or that he knew he was required to have a license or permit.  But the government must prove, beyond a reasonable doubt, that Mr. Musso knowingly received the explosive material specified in the indictment—that is, Composition B— and that Mr. Musso knew that what he received had characteristics that brought it within the legal definition of "explosive material," as I am about to define it for you.

"Explosive material" means any chemical compound, mixture, or device, the primary or common purpose of which is to function by explosion. The term includes, but is not limited to, dynamite and other high explosives, black powder, pellet powder, initiating explosives, blasting agents, detonators, safety fuses, squibs, detonating cord, igniting cord, and igniters.  Composition B is an explosive material.

14

A "licensee" is any importer, manufacturer, or dealer of explosive material who is licensed under federal law. A "permittee" is any user of explosives for a lawful purpose, who has obtained either a user permit or a limited permit under federal law.

With respect to the second element, the parties have stipulated that Mr. Musso does not have and never has had any explosives license or an explosives permit. You may, but are not required to, accept this stipulation as proof of that element.

## ENTRAPMENT

The defendant maintains that he was entrapped. A person is "entrapped" when he is induced or persuaded by law enforcement officers or their agents to commit a crime that he was not otherwise ready and willing to commit. The law forbids the conviction of a person who has been entrapped. However, law enforcement agents are permitted to use a variety of methods to afford an opportunity to a defendant to commit an offense, including the use of undercover agents, furnishing of funds for the purchase of controlled substances, the use of informers, and the adoption of false identities.

Before you may find Mr. Musso guilty of any of the offenses for which he is charged, you must be convinced that the government has proven beyond a reasonable doubt that Mr. Musso was not entrapped. To show that Mr. Musso was not entrapped, the government must establish beyond a reasonable doubt at least one of the following two things:

One, that the government agents did not improperly persuade or talk Mr. Musso into committing the crime. Simply giving someone an opportunity to commit a crime is not the same as persuading him. Improper inducement requires something more than providing an opportunity to commit a crime, such as persuasion, false statements, excessive pressure by the government agent, or an undue appeal to sympathy.

Or two, that Mr. Musso was ready and willing to commit the charged crimes without any persuasion from the government or any of its agents.

16

In determining whether the government has carried its burden of proving that Mr. Musso was not entrapped, you may consider such factors as:

(a) the character or reputation of Mr. Musso;

(b) whether the initial suggestion of criminal activity was made by the government or its agents;

(c) whether Mr. Musso was engaged in the criminal activity for profit;

(d) whether Mr. Musso showed reluctance to commit the offense, and whether that reluctance reflects the conscience of an innocent person or merely the caution of a criminal;

(e) the nature or persistence of the persuasion offered by the government; and

(f) how long the government persuasion lasted.

## CHAIN OF CUSTODY

Certain items of physical evidence—specifically, the grenades—and test results concerning those items have been admitted into evidence. You are not required to find that these items are what witnesses claim them to be or that the items contained explosive materials when exchanged with Mr. Musso. Is it up to you to determine whether the items are what they purport to be and that they contained explosive materials when exchanged with Mr. Musso.

You must determine whether you believe that the items were found as the witnesses claim and were submitted for testing in the condition in which they were found. In making that determination, you should consider all the evidence, including any evidence or lack of evidence of the chain of custody of those exhibits.

"Chain of custody" means simply the succession of people who handled or had access to those items from the time they were in the possession of the FBI to the time they were tested. You may consider any gaps in the chain of custody in deciding what weight to give these items and the test results on them.

18

## **VERDICT FORM**

In the verdict form, you will be asked to indicate whether you find the defendant "guilty" or "not guilty" of the offenses charged in the indictment. Remember that you may not find the defendant guilty unless you unanimously find that the United States Attorney has proven beyond a reasonable doubt each element of the crime.

## **NOTE TAKING**

You were permitted to take notes during this trial, and I want to remind you of the instructions I gave you about your notes. Do not use your notes as authority to persuade other jurors. Your notes should be used only as aids to your own memory and must not be used as authority to persuade the other jurors of what the evidence was during the trial. You might have made an error or a mistake in recording what you have seen or heard. In the end, each juror must rely on his or her own recollection or impression as to what the evidence was. Your notes are not official transcripts of the testimony.

## JURY EVIDENCE RECORDING SYSTEM "JERS"

You will be able to view the documentary exhibits in this case through an electronic system called "JERS." "J-E-R-S" stands for "Jury Evidence Recording System." In your deliberation room is a plasma television. It is operated by touch. You will be able to view the exhibits from that plasma television screen. The advantage is that you can all see the exhibit on the screen and discuss that exhibit while seeing it displayed on the screen. You may consider any and all exhibits in the JERS system.

It is easy to use. The courtroom deputy will show you a brief tutorial. But, if you have a question about JERS, as with any other question you might have, **YOU MUST PUT IT IN WRITING**. Even if you need some sort of technical assistance with JERS, you will need to put your request in writing so that the court security officer can present it to me. Before resolving any of your questions, I show your written question to the lawyers.

## CONCLUSION

The principles of law set forth in these instructions are intended to guide you in reaching a fair and just result in this case, which is important to the parties. You are to exercise your judgment and common sense without prejudice, without sympathy, but with honesty and understanding. You should be conscientious in your determination of a just result in this case because that is your highest duty as officers of this court. Remember also that the question before you can never be: will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict be guilty or not guilty.

When you have considered and weighed all of the evidence, you must make one of the following findings with respect to each crime charged:

1. If you have a reasonable doubt as to whether the United States Attorney has proved any one or more of the elements of the crime charged, including the identity of the defendant as the perpetrator of the crime, it is your duty to find the defendant not guilty.

2. If you find that the United States Attorney has proved all of the elements of the crime charged beyond a reasonable doubt, including the identity of the defendant as the perpetrator of the crime, then you may find the defendant guilty.

As I explained before, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict.

When you retire, you should elect one member of the jury as your foreperson. That individual will act very much like the chairperson of a committee, seeing to it that the deliberations are conducted in an orderly fashion and that each juror has a full and fair opportunity to express his or her views, positions and arguments on the evidence and on the law.

21

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with the other jurors. In the course of your deliberations, do not hesitate to re-examine your own views and to change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of the other jurors or merely for the purpose of returning a verdict. You should also take as much time for deliberations in this case as you consider to be necessary and appropriate.

Remember at all times that you are not partisans. You are judges, judges of the facts. Your sole interest is to seek the truth from the evidence in the case. If during your deliberations it becomes necessary to communicate with the court, you may do so only in writing, signed by the foreperson or by one or more members of the jury. Give that note to the court security officer and it will be brought to the court's attention. No member of the jury should ever attempt to communicate with the court except by a signed writing, and the court will communicate with the jury on anything concerning the case either in writing or orally in the courtroom. Remember that you are not to tell anyone, including the court, how the jury stands, numerically or otherwise, on the matters you are deciding, until after you have reached a unanimous verdict or have been discharged.

Nothing said in these instructions is intended to suggest or to convey in any way or manner what your verdict should be. The verdict is the sole and exclusive duty and responsibility of the jury.

When you have completed the verdict form according to these instructions and the instructions on the form, you will have concluded your deliberations and arrived at a verdict. At that point the foreperson should sign and date the verdict form. Then notify the security officer and you will be returned to the courtroom.